# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION



CHRISTOPHER UNDRAY WELLS,

    Plaintiff,

v.

MARCELA MATEO, et al.,

    Defendants.

CIVIL ACTION NO.: 2:18-cv-109

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this cause of action asserting claims under 42 U.S.C. § 1983. Doc. 1. Upon review, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.[1] I **DENY as moot** Plaintiff's Motion for Copies. Doc. 14. If Plaintiff wishes to proceed with his case, he is **ORDERED** to file an Amended Complaint within **14 days** of the date of this Order and

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**DIRECTED** to conform strictly to the requirements set forth herein. The Court also **DIRECTS** the Clerk of Court to mail Plaintiff a blank § 1983 complaint form for use by prisoner-plaintiffs.

## DISCUSSION

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of her assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that she is entitled to redress. However, even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).

When reviewing a complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under §1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Here, Plaintiff's handwritten Complaint, complete with five "chapters," is 89 pages long. Doc. 1. Plaintiff's § 1983 Complaint form is almost entirely blank; instead, Plaintiff's attached "chapters" include his allegations of fact. Docs. 1-3, 1-4, 1-5, 1-6, 1-7. Plaintiff's allegations are rambling, incoherent, and fanciful. Id. He seeks as relief millions of dollars in compensatory and punitive damages, the termination and imprisonment of numerous federal and state employees, and sweeping injunctive relief which the Court cannot give. Id. In its current state,

Plaintiff's Complaint is frivolous, fails to state a claim, and is not made in accord with basic pleading requirements. Thus, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint.

If Plaintiff wishes to proceed with his case, he is **DIRECTED** to file an Amended Complaint within 14 days. **The Court advises Plaintiff to read this section carefully and to strictly conform to the requirements herein**:

>(1) submit an Amended Complaint on the complaint form provided by the Clerk of Court;
>
>(2) clearly caption it as an amendment to the original complaint and place the civil action number of this case on the first page of the form;
>
>(3) add no more than 10 pages to the form;
>
>(4) write legibly and only on one side of each page;
>
>(5) provide the name of any intended defendant or provide sufficient details to describe any intended defendant;
>
>(6) provide only factual allegations concerning events where the rights of Plaintiff himself were violated or Plaintiff himself was injured, including the date and location of each alleged violation;
>
>(7) only assert claims that arose from the same transaction or occurrence or series of related transactions or occurrences;
>
>(8) clearly describe each alleged violation and identify each defendant responsible for each alleged violation;
>
>(9) omit all legal argument or conclusions;
>
>(10) provide detailed information on all prisoner civil actions Plaintiff has previously filed.

The Court **DIRECTS** the Clerk of Court to forward the appropriate 42 U.S.C. § 1983 amended complaint form to Plaintiff, together with a copy of this Order. The Court advises Plaintiff his **failure to abide by this Court's instructions to file an appropriate Amended Complaint will**

**lead to the dismissal of his action for failure to file this Court's directives and failure to prosecute**.

Additionally, the Court **DIRECTS** Plaintiff to advise the Court in writing of any change of address during the pendency of this action. Plaintiff's failure to abide by this directive will result in the dismissal of Plaintiff's Complaint, without prejudice, for failure to follow an Order of this Court.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** this action and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case. I **DENY as moot** Plaintiff's Motion for Copies. Doc. 14. However, if Plaintiff wishes to avoid dismissal and proceed with his case, he is **ORDERED** to file an Amended Complaint within **14 days** of the date of this Order and **DIRECTED** to conform strictly to this Court's directives. The Court also **DIRECTS** the Clerk of Court to forward to Plaintiff a blank copy of the 42 U.S.C. § 1983 amended complaint form.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 28th day of February, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA