FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 1:14 pm, Jun 10, 2020

# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| CHRISTOPHER UNDRAY WELLS, | *  |
| Plaintiff, | *   CIVIL ACTION NO.: 2:18-cv-109 |
| v. | * |
| MARCELA MATEO, et al., | * |
| Defendants. | * |

## ORDER

Presently before the Court are six post-judgment Motions filed by Plaintiff: Motion for Return of Filing Fees, dkt. no. 24; two Motions to Appoint Counsel, dkt nos. 26, 29; Motion to Return Legal Materials, dkt. no. 30; Motion for Reconsideration, dkt. no. 31; and Motion for Extension of Time, dkt. no. 33. For the reasons which follow, the Court **DENIES** Plaintiff's Motions. The Court's March 23, 2020 Order remains the Order of this Court, and this case remains **CLOSED**. Dkt. Nos. 22, 23.

### BACKGROUND

On September 17, 2018, Plaintiff filed his 28 U.S.C. § 1983 Complaint, which contained 89 pages of incoherent allegations, requesting relief this Court cannot provide. Dkt. Nos. 1-3, 1-4, 1-5, 1-6, 1-7. Recognizing these deficiencies, the

AO 72A
(Rev. 8/82)

Magistrate Judge ordered Plaintiff to file an amended complaint in strict compliance with the provided instructions. Dkt. No. 19. Plaintiff failed to file an amended complaint, instead filing nonresponsive objections to the Report and Recommendation. Dkt. No. 21. Thus, the Court dismissed Plaintiff's action for failure to follow the Court's Orders and failure to prosecute. Dkt. No. 22. Judgment was entered on March 30, 2020. Dkt. No. 23.

Plaintiff has now filed these six post-judgment Motions, which the Court addresses in turn.

## DISCUSSION

### I. Motion for Return of Filing Fees

Plaintiff asserts he paid a $40.00 filing fee to file his Complaint, yet money continues to be deducted from his prisoner trust fund account. Dkt. No. 24. He requests the return of all deducted funds, except for the first $40.00 payment. Id. The Court's October 31, 2019 Order granting Plaintiff leave to proceed *in forma pauperis* advised Plaintiff the cost to file a complaint in this Court is $350.00, and, even though he was permitted to proceed *in forma pauperis*, he still was required to pay the entirety of this fee. Dkt. No. 13, p. 1. Plaintiff signed a consent to collection of fees from trust account form, indicating his agreement to pay the $350.00 filing fee in full. Dkt. No. 15. Therefore, payments will continue to be deducted

2

from Plaintiff's prisoner trust fund account until he has satisfied the $350.00 filing fee requirement. The Court **DENIES** Plaintiff's Motion for Return of Filing Fees.

## II. Motions for Appointment of Counsel

Plaintiff asks the Court to appoint him counsel because he is inexperienced in legal procedure. Dkt. Nos. 26, 29. Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit Court of Appeals has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are

simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015) ; Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels, 405 F. App'x at 457; Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; Wahl, 773 F.2d at 1174). The Court is unconvinced that Plaintiff's case is so legally or factually complex that Plaintiff is prevented from presenting "the essential merits of his position" to the Court. What is more, the Court has

dismissed Plaintiff's Complaint.  Accordingly, the Court **DENIES** Plaintiff's Motions for Appointment of Counsel.

### III. Motion to Return Legal Materials

Plaintiff alleges his copy of the Complaint and all discovery in the case was unlawfully seized by prison officials. Dkt. No. 30.  He requests a copy of his original Complaint.  Id. Upon review, the Court **GRANTS in part** Plaintiff's Motion because copies of these documents have been filed upon the record and docket of this case.  Nevertheless, the Court has no obligation to provide Plaintiff his requested documents free of charge. See 28 U.S.C. § 1914(c).  Plaintiff's original Complaint consists of 89 pages.  Dkt. No. 1.  Plaintiff will be charged $0.50 per page copied.  Id.  The Clerk of Court can provide a final price for a full copy of Plaintiff's original Complaint, which Plaintiff must prepay before the Clerk of Court will provide these copies to him.

### IV.  Motion for Reconsideration

In his Motion for Reconsideration, Plaintiff requests the Court "review the original Complaint form and see the actual claim which the Complaint is about."  Dkt. No. 31, p. 3.  A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly."  Smith ex rel. Smith v. Augusta-Richmond County, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012)

5

(internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Plaintiff's Motion. Plaintiff cites to no case law in support of his Motion. Dkt. No. 31. Likewise, Plaintiff repeats generic and conclusory factual allegations of law enforcement misconduct. Plaintiff offers no explanation for his failure to file an amended complaint, as instructed. Furthermore, Plaintiff does not allege this Court's previously entered Order represents a manifest error of law or fact. Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration.

V.  Motion for Extension of Time

Plaintiff seeks a 30-day extension to correct his Complaint. Dkt. No. 33. On February 28, 2020, the Magistrate Judge directed Plaintiff to amend his Complaint within 14 days. Dkt. No. 19. Three months later, Plaintiff seeks this extension, with no explanation for his delay. Nonetheless, because the case is closed, Plaintiff's Motion for an Extension is moot. For these reasons, the Court **DENIES** Plaintiff's Motion for an Extension.

## CONCLUSION

For the above-stated reasons, the Court **DENIES** Plaintiff's Motions. Dkt. Nos. 24, 26, 29, 30, 31, 33. The Court's Order dated March 23, 2020, remains the Order of the Court, and this case remains **CLOSED**. Dkt. Nos. 22, 23.

**SO ORDERED**, this 10 day of June, 2020.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA